# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT COLUMBIA

| | |
|---|---|
| KATRINA LYNN HILL ) | |
| ) | Case No. 1:24-cv-00043 |
| v. ) | |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY ) | |

## MEMORANDUM OPINION AND ORDER

This action is before the undersigned for all further proceedings pursuant to the voluntary consent of the parties under 28 U.S.C. § 636(c). (Docket No. 5.)

Currently pending is Plaintiff Katrina Lynn Hill's motion for award of attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"), in which Plaintiff requests a total award of $7,002.59. (Docket No. 20.) This amount represents the aggregate of $7,002.59 in EAJA fees and $0.00 in expenses. (Docket No. 20-1.) Plaintiff states that the motion is unopposed by Defendant. (Docket No. 20-8.) Because the motion is unopposed, and because a review of Plaintiff's itemization of time reveals that the amount sought by Plaintiff is reasonable, the motion (Docket No. 20) is **GRANTED**.

### I. LEGAL STANDARD AND ANALYSIS

An award of fees may be made under the EAJA in a Social Security disability action. *Coursey v. Comm'r of Soc. Sec.*, 843 F.3d 1095, 1097 (6th Cir. 2016). The EAJA provides, in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

To recover attorney fees under the EAJA, Plaintiff must demonstrate: (1) that she is a "prevailing party"; (2) that the government's position was not "substantially justified"; (3) that no "special circumstances make an award unjust"; and (4) that, pursuant to 28 U.S.C. § 2412(d)(1)(B), the fee application was presented to the court within 30 days of final judgment in the action and is supported by an itemized statement. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990).

As to the first and second factors, there is no dispute here that Plaintiff is the prevailing party or that the government's position was not substantially justified. Defendant voluntarily moved for remand of the case for further proceedings (Docket No. 14) and does not oppose the requested fee award (Docket No. 20). These factors are therefore satisfied.

As to the fourth factor, the fee request was made within 30 days of the final judgment. "Final judgment" is defined in the statute as a "judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G). Rule 4 of the Federal Rules of Appellate Procedure provides that, when one of the parties is the United States or a United States agency, appeal must be taken from a final judgment within 60 days. Fed. R. App. P. 4(a)(1)(B). Final judgment was entered in this matter on August 13, 2024, and was final and no longer appealable 60 days later or October 14, 2024.[1] The instant motion was filed on November 13, 2024, which is within 30 days of the judgment becoming final.[2] Accordingly, the fourth factor is satisfied.

The reasonableness of the requested fee must be evaluated. Plaintiff bears the burden of proving that the fees requested under the EAJA are, in fact, reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Specifically, Plaintiff must produce evidence "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably

---

[1] Sixty (60) days from August 13, 2024 is Saturday, October 12, 2024. Accordingly, pursuant to Rule 6 of the Federal Rules of Civil Procedure, the period is extended to Monday, October 14, 2024. Fed. R. Civ. P. 6(a)(1)(C).

[2] Plaintiff originally filed her motion on November 11, 2024 (Docket No. 18), but the Court denied the motion without prejudice to refiling because the motion did not comply with Local Rule 7.01(a)(1) and state whether the relief requested was opposed (Docket No. 19).

comparable skill, experience, and reputation." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009) (quoting *Blum v. Stenson,* 465 U.S. 886, 895 n.11 (1984)). A court may reduce fees for unreasonable time, including in instances where the time spent is excessive, redundant, or inadequately documented, *id.* at 433–34, or where the time claimed is associated with training junior attorneys, *Richards v. Sec'y of Health & Human Servs.*, 884 F. Supp. 256, 260 (N.D. Ohio 1995).

The Court has carefully reviewed the details of the requested fees in this case. Plaintiff seeks the following fees: 25.6 hours of attorney work at an hourly rate of $249.32 (the Consumer-Price Index adjusted attorney rate for 2024), and 6.2 hours of paralegal work at an hourly rate of $100.00. (Docket No. 20-1 at 2.) This totals $7,002.59. Plaintiff filed an itemized report of the time her counsel and their paralegal spent in connection with this case, which the Court has reviewed. (Docket Nos. 20-3, 20-4, 20-5.) Although the total number of attorney hours, 25.6, is approaching the higher end of what is within the general range of these types of cases,[3] the Court finds that the requested fees are reasonable.

With respect to the requested rate, the EAJA provides that attorney fees are limited to a rate of $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceeding involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Cost of living adjustments that increase attorney fees above the statutory rate are left to the sound discretion of the district court and "should be carefully considered, rather than rubber stamped." *Miller v. Comm'r of Soc. Sec.*, 346 F. Supp. 3d 1018, 1029 (E.D. Mich. 2018), *report and recommendation adopted*, 2018 WL 4922207 (E.D. Mich. Oct. 10, 2018) (citing *Begley v. Sec'y of Health & Human Servs.*, 966 F.2d 196, 199 (6th Cir. 1992)).

---

[3] *See, e.g.*, *Spiller v. Comm'r of Soc. Sec.*, 940 F. Supp. 2d 647, 652 (S.D. Ohio 2013) (collecting cases in the Sixth Circuit involving EAJA fee requests and noting that the "general range of time expended on these cases is 15-25 hours").

3

Plaintiff requests fees at rates of $249.32 for attorney work and $100.00 for paralegal work, which are not contested by the government. Further, courts in this circuit have accepted similar rates as reasonable when adjusted for inflation. *See, e.g.*, *Mascunana v. Kijakazi*, No. CV 2:21-077-DCR, 2022 WL 3256780, at *2 (E.D. Ky. Aug. 10, 2022) (granting motion for attorney fees based on hourly rates of $214.29 for counsel and $100 for paralegal); *McPherson v. Kijakazi*, No. CV 3:21-036-DCR, 2022 WL 3269046, at *2 (E.D. Ky. Aug. 10, 2022) (same); *Hensley v. Comm'r of Soc. Sec.*, No. 3:18-CV-00223, 2021 WL 117911, at *2 (S.D. Ohio Jan. 13, 2021), *report and recommendation adopted*, 2021 WL 7908554 (S.D. Ohio Feb. 2, 2021) (noting that hourly billing range for Social Security attorneys in Ohio in 2013 was $210 to $350). The rates are also not inconsistent with ranges endorsed by the Sixth Circuit. *See Doucette v. Comm'r of Soc. Sec.*, 13 F.4th 484, 492 (6th Cir. 2021) (reversing district court's decision to limit attorney fees in a Social Security case to $150/hour rate when subject plaintiff's "unrefuted evidence established a market range between $205 and $500" in the Eastern District of Kentucky).

In line with these decisions, the Court concludes that under the facts of this case, an EAJA attorney fee of $7,002.59, based on 25.6 hours of attorney work at $249.32 per hour and 6.2 hours of paralegal work at $100.00 per hour is appropriate. The Court finds no special circumstances that would make this award unjust. Accordingly, the third (and final) factor is satisfied.

The Supreme Court has held that an EAJA fee is payable to the plaintiff as litigant, and that payment may be subject to an offset to satisfy any pre-existing debt that the plaintiff owes the United States. *Astrue v. Ratliff*, 560 U.S. 586, 594-98 (2010). The Court will therefore order Defendant to pay the total amount of $7,002.59, less any offset amounts owed to the United States. If Defendant determines that Plaintiff owes a pre-existing debt to the United States, Defendant will reduce the awarded fees to the extent necessary to satisfy such debt.

## II. CONCLUSION

Based on the foregoing, Plaintiff's motion for award of attorney fees (Docket No. 20) is **GRANTED**. Defendant is **ORDERED** to pay the amount of **$7,002.59**, less any offset amounts owed to the United States, by remitting payment to the business address of Plaintiff's counsel.

It is so ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge